IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DONALD D. PRIMUS,<br><br>        Plaintiff.<br><br>  v.<br><br>JO ANNE BARNHART,<br><br>        Defendant. | No. C 06-6513 SBA<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS** |

This matter comes before the Court on Plaintiff Donald Primus' application to appeal *in forma pauperis* ("IFP application"). For the reasons discussed below, the Court hereby DENIES Plaintiff's IFP application.

On May 4, 2009, the Court denied Plaintiff's original request to proceed IFP in this action. (Docket No. 12.) The Court ordered Plaintiff to file an amended IFP application or pay the requisite filing fee within thirty days of the Court's order, which he failed to do. The Court warned Plaintiff that failure to comply with either of these requirements would result in dismissal of his action. On March 17, 2010, the Court dismissed Plaintiff's case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Docket No. 13.) On May 17, 2010, Plaintiff filed the instant motion to appeal IFP. (Docket No. 15.)

**DISCUSSION**

Federal courts may authorize the maintenance of an action without prepayment of fees and costs if a person shows, by affidavit, that "the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). The statute also authorizes the courts to dismiss an IFP action if: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2).

A party to a district court action who desires to appeal IFP must first file a motion with the district court, adhering to the filing requirements of § 1915(a). Fed. R.App. P. 24(a)(1). Additionally, the party must also show an entitlement to redress and a statement of issues to be presented on appeal. Id. If the court finds that the appeal is frivolous, it has the power to deny leave to proceed IFP. Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). If the district court denies the motion to proceed on appeal IFP, the party may subsequently file a motion to proceed on appeal IFP in the court of appeals. Fed. R.App. P. 24(a)(5).

Here, Plaintiff failed to prosecute this action and fails to advance any reason for why he failed to comply with this Court's order. It is well established that a district court has authority to dismiss a plaintiff's action for failure to prosecute or to comply with court orders. See Fed.R.Civ.P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's IFP application is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: 6/2/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DONALD D. PRIMUS,

        Plaintiff,

  v.

JOANNE BARNHART et al,

        Defendant.

Case Number: CV06-06513 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald D. Primus
2001 Eastwood Dr.
#13
Vacaville, CA 95687-6175

Dated: June 3, 2010

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk